[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was tried to the Court (Carr, J.) on the First Count of the Plaintiff's seven count Amended Complaint. The Plaintiff did not proceed on Counts Four through Seven of the said Amended Complaint. The Court notes that the claims for relief as are set forth in the Second and Third Counts of said Complaint, specifically the applicability of the provisions of Section 45-279 (now 45a-447) of the Connecticut General CT Page 10953 Statutes, shall naturally inure to the benefit of the Plaintiff if the Court finds for the Plaintiff on the First Count of the Complaint and there is property or assets that fall within the purview of said statute.
The Plaintiff essentially alleges in the First Count of her Amended Complaint that the Defendant, Richard B. Crafts, on or about November 18, 1986, intentionally and unlawfully caused the death of Helle Crafts by the tort of battery and that the Plaintiff has suffered damages as a result thereof.
The Defendant, Richard B. Crafts, has filed an Answer in which he denies the essential allegations of the First Count of the Plaintiff's Amended Complaint. The Defendant Richard B. Crafts has also filed Special Defenses claiming that the Plaintiff has no right to sue in any fiduciary capacity as the representative of the Estate of Helle L. Crafts or as fiduciary on behalf of any of the Defendant's then minor children. The Defendant, Richard B. Crafts, has also asserted a Set-off in which he claims that the Plaintiff has received certain proceeds from the unlawful sale or disposition of certain of the Defendant's personal property.
The Court finds the facts as follows:
1. The Defendant, Richard B. Crafts, intentionally and unlawfully caused the death of Helle L. Crafts on or about November 18, 1986. In connection therewith, the said Defendant, Richard B. Crafts, was convicted by a jury of Murder in violation of Section 53a-54a of the Connecticut General Statutes on November 21, 1989. Thereafter a sentence of imprisonment was imposed by the Court and the Defendant, Richard B. Crafts, is presently serving said sentence.
2. The Defendant, Richard B. Crafts, was the husband of the said Helle L. Crafts and the father of Andrew, Thomas and Christina Crafts, all of whom were minors at the time of the filing of the instant action.
3. The Plaintiff, Karen Carter Rodgers, was appointed Executrix of the Estate of Helle L. Crafts, by the Newtown Probate Court on or about June 12, 1987 and has brought this action in her representative capacity both as Executrix of the Estate and Guardian of the minor children of Richard and Helle Crafts.
4. At the time of her death, the said Helle Crafts was employed as a flight attendant by Pan American Airlines. Based upon her prior earnings as a flight attendant, based further upon the projection of her future earnings as testified to by Robert J. Kornhaas, a Certified Public Accountant, whose testimony at trial the Court has determined to be CT Page 10954 credible and reliable, the Court finds that the said Helle Crafts could reasonably have been expected to earn approximately $350,000.00 during her lifetime in the pursuit of her employment as a flight attendant.
5. The evidence disclosed and the Court finds that Helle Crafts was a loving and committed mother who was actively involved in her children's lives and activities including membership in the Hawley School PTA, involvement with the children's soccer teams and other of the children's activities. The Court further finds that Helle Crafts was a vibrant and active person who enjoyed the company and companionship of her friends and family. She had her own hobbies and interests and generally enjoyed life and life's pursuits.
6. At the conclusion of the trial in this matter in response to an inquiry from the Court, as to why he was contesting this suit and a further inquiry as to what it was that he wanted out of this litigation, the Defendant acknowledged that it was his desire that his children should ultimately benefit from whatever assets the Defendant may be entitled to. The Defendant expressed concern as to how those assets should be held and managed for the benefit of his children. Other than this expression of his concern, the Defendant offered no other evidence or argument as to why he was contesting the suit or what it was that he expected or hoped to derive from this litigation. No credible evidence of any kind has been offered by the Defendant to substantiate his special defenses or his claimed set-off.
Judgment may accordingly enter in favor of the Plaintiff as against the Defendant Richard Crafts in the amount of $1,350,000.00.
The Court further notes that, to the extent that there may be assets of either the Defendant Richard Crafts or the decedent Helle Crafts that fall within its purview, the Court's findings and judgment in this matter trigger the applicability of the pertinent provisions of Section 45a-447
(formerly Section 45-279) of the Connecticut General Statutes.
BY THE COURT
CARROLL, J.